Case 1:06-cv-01744-JFM   Document 32   Filed 04/30/07   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM CUNNINGHAM #293-692
    Plaintiff    :

v.    :    CIVIL ACTION NO. JFM-06-1744

CORRECTIONAL MEDICAL SYSTEMS,  :
et al.,
    Defendants[1]    :

**MEMORANDUM**

On July 11, 2006, this court received for filing a 42 U.S.C. § 1983 prisoner civil rights complaint from William Cunningham ("plaintiff"), who is confined at the Eastern Correctional Institution in Westover ("ECI"). Plaintiff seeks declaratory judgment and money damages, and alleges that during February of 2006, defendant Frockerzi, a correctional officer, obtained his medical records and revealed his HIV status to other prisoners. He further claims the incident happened because staff employed by Correctional Medical Services, Inc. ("CMS") do not follow procedures to keep medical records private. In essence he is alleging a violation of his right to privacy. Implicit in the complaint is an Eighth Amendment claim based on the inference that Frockerzi's alleged misconduct could have placed plaintiff at risk of harm at the hands of fellow prisoners. Plaintiff further complains that CMS management and corrections officials at ECI did nothing to address his concerns about the availability of prisoner medical files. Counsel for CMS and the state defendants[2] have filed motions to dismiss or, in the alternative, for summary judgment

---

[1]     The Clerk shall amend the docket to reflect the complete name of defendant Debra A. Flockerzi.

[2]     Plaintiff has never named the "John Doe" defendants, and they were never served with the complaint. Defendants "John Doe I" and "John Doe II" are therefore dismissed. Likewise, service has never been obtained on defendant Wendy Kronmiller. For reasons apparent herein, had Kronmiller been served, she, too, would be entitled to dismissal. The court notes that counsel for the Maryland Attorney General accepted service on behalf of ECI Assistant Warden Virginia Burkhard (*see* Paper No. 8), but failed to respond on Burkhard's behalf when filing a dispositive motion on behalf of other state employees. The court will discuss Burkhard's role in this case as set forth in the

(Paper Nos. 12 and 25), which shall be construed as motions for summary judgment to which plaintiff has filed oppositions.[3]  (Paper Nos. 17 and 29).  The motions may be determined without oral hearing.  *See* Local Rule 105.6. (D. Md. 2004).

## Standard of Review

### Summary Judgment

Summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the

---

complaint and will dismiss her from suit.

[3]   Plaintiff's motions requesting additional time to file the opposition responses  (Paper Nos. 16 and 18) are granted nunc pro tunc. Subsequent to filing his oppositions, plaintiff filed a motion for appointment of counsel. (Paper No. 31). The undersigned concludes that plaintiff is able to articulate his claims and present issues for redress by this court. Therefore, in accordance with the discretion afforded under 28 U.S.C. § 1915(e)(1), his request for appointment of counsel shall be denied.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element...necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex,* the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D. N.C. 1966)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Privacy

Plaintiff is claiming a right to privacy premised on his interest in avoiding disclosure of personal information. *See Whalen v. Roe*, 429 U.S. 589, 599 – 600 (1977). The disclosure of private medical information may trigger constitutional protections. *See Watson v. Lowcountry Red Cross*, 974

F.2d 482, 487-88 & n. 9 (4th Cir.1992); *but cf Taylor v. Best*, 746 F.2d 220, 225 (4th Cir.1984), (upholding prison regulation requiring divulgence of family background by inmates).

## Failure to Protect

A prison official cannot be found liable under the Eighth Amendment for exposing a prisoner to the likely risk of harm at the hands of fellow prisoners unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer*, 511 U.S. at 833– 34 (citations omitted).

## Response to Grievances and Complaint

There is no constitutional right to a prison grievance procedure, nor to access to it if one has been established.[4] *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Maryland's Administrative Remedy Procedure ("ARP") process is non-exclusive and optional in nature and creates no inherent liberty interest because it does not impede prisoner access to the courts. Indeed, a prisoner may proceed in this court without first exhausting his claims through the ARP process if prison

---

[4] If prisoners cannot demand response from prison officials, it follows that they have no inherent right to demand that private contractors working within a prison respond to their concerns.

officials impeded his attempts at ARP exhaustion.[5]  *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

## Analysis

The record supports plaintiff's claim that defendant Frockerzi had access to prisoner medical files, although it is unclear whether plaintiff's file was among those she reviewed.[6]  Assuming plaintiff has a federal constitutional right to privacy regarding his medical information, he has failed to establish an injury of constitutional significance.  *See e.g.*, *Adams v. Drew*, 906 F. Supp. 1050,1057 (E.D. Va. 1995) (disclosure that plaintiff had HIV subjected him to beatings by other inmates).  To state a constitutional claim a serious injury is required.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (serious injury required in order to state a failure to protect claim); Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993) (serious emotional or physical injury resulting from conditions required to state Eighth Amendment claim); *Paul v. Davis*, 424 U.S. 693, 712 (1976) (damage to reputation through defamatory statements not sufficient to state constitutional claim)*; Lewis v. Casey*, 518 U. S. 343, 355 (1996) (actual injury requirement derives from the doctrine of standing).  Plaintiff's claim that Frockerzi clicks his cell door and rudely awakens prisoners on his tier simply does not amount to a serious injury.[7]

Plaintiff is not without a remedy.  In Maryland, a medical record may only be disclosed under specific circumstances as provided by Md. Health Gen. Code Ann. § 4-302.  In addition, "[a]

---

[5] Defendants do not contend that plaintiff failed to exhaust administrative remedy procedures relating to the issues presented in this case.

[6] Plaintiff lacks standing to assert a privacy claim on behalf of fellow prisoners.  *See* I*nmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977).

[7] Plaintiff has submitted affidavits from fellow prisoners concerning defendant Frockerzi's allegedly rude behavior on the tier.  He has not, however, provided any evidence that Frockerzi actually communicated his HIV status to other prisoners and that such communication put him at risk of harm.

health care provider or any other person who knowingly violates any provision of [the statute] is liable for actual damages." Md. Health Gen. Code Ann. § 4-309(f). If plaintiff in the instant case can establish that the disclosure of medical information as it pertains to him was unlawful, he may pursue a state cause of action for any actual damages he has suffered. *See Warner v. Lerner*, 348 Md. 733, 705 A. 2d 1169 (1998).

Accordingly, plaintiff's civil rights claim must be dismissed. To the extent that the complaint could be construed raising the state law claim, this court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. §1367(c)(3); *United Mine Workers v. Gibbs,* 383 U. S. 715, 726 (1966). A separate order follows.

April 30, 2007  /s/
Date  J. Frederick Motz
United States District Judge